_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| RICKY REID C., | Case No. 2:23-cv-00379-CMR |
| Plaintiff, | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING THE COMMISSIONER'S FINAL DECISION |
| v. | |
| MARTIN O'MALLEY, Commissioner of Social Security, | |
| Defendant. | Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 5). 28 U.S.C. § 636(c). Plaintiff Ricky Reid C. (Plaintiff) seeks review of the decision of the Commissioner of Social Security (Commissioner) denying his application for Title II Disability Insurance Benefits (DIB) and Title XVI Supplemental Security Income (SSI), under the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). The court has carefully considered the entire record (Certified Administrative Record (Tr.), ECF 10), the parties' briefs (ECF 13, 18, 19), and supplemental briefing (ECF 28, 29). The court heard argument on this matter at a hearing on May 14, 2024 where it ordered supplemental briefing (ECF 27), and held an additional hearing on July 2, 2024 where it announced its ruling on the record (ECF 31). For the reasons stated on the record and as discussed below, the court hereby GRANTS Plaintiff's Motion for Review of Agency Action (Motion) (ECF 13) and REVERSES AND REMANDS the decision of the Commissioner.

## I.     BACKGROUND

Plaintiff was 45 years old on his disability onset date of November 2, 2007 (Tr. 103). Plaintiff filed his DIB and SSI applications on May 21, 2015, alleging disability due to neck

problems, back problems, bipolar disorder, depression, anxiety disorder, insomnia, degenerative disc disease, epilepsy, diabetes, and neuropathy (*id.* at 103–04).

The Administrative Law Judge (ALJ) followed the Commissioner's five-step sequential evaluation process for disability claims. *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated April 6, 2023, the ALJ determined at step two that Plaintiff had severe impairments of degenerative disc disease, epilepsy, bipolar II disorder, anxiety disorder, and borderline personality disorder (Tr. 1407). At step three, the ALJ considered Plaintiff's seizures under Listing 11.02, and his musculoskeletal impairments under Listings 1.00, 1.15, and 11.00, finding the criteria were not met. The ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.08, finding mild limitations in interacting with others; and moderate limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself (*id.* at 1409).

The ALJ next determined Plaintiff had the residual functional capacity (RFC) to perform light work with additional limitations (*id.* at 1410–15). At step four, the ALJ found that, given this RFC, he was not able to perform past relevant work (*id.* at 1415). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including cafeteria attendant, cashier II, and cleaner, which were light unskilled work (*id.* at 1417). The ALJ therefore concluded that he was not disabled and denied disability benefits (*id.*). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Reversal is appropriate where the court "cannot meaningfully review" whether the ALJ's conclusions "are supported by substantial evidence" or "whether [the ALJ] applied the correct legal standards in arriving at these conclusions." *Guice v. Comm'r, SSA*, 785 F. App'x 565, 575 (10th Cir. 2019) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (finding the ALJ's "bare conclusion" to be "beyond meaningful judicial review")).

## III. DISCUSSION

Plaintiff asserts a single claim of error, arguing that the ALJ erred at step three by failing to properly explain why Plaintiff's seizures were not found to meet Listing 11.02. The listings considered at step three describe impairments which the Commissioner "acknowledges are so severe as to preclude substantial gainful activity." *Tyshawn B. v. Kijakazi*, No. 21-cv-509-CDL,

3

2023 WL 2713992, at *2 (N.D. Okla. Mar. 30, 2023) (quoting *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)); 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App'x 1. "To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Sharlene B. v. Kijakazi*, No. 4:21-cv-00107-RJS-PK, 2022 WL 20766457, at *4 (D. Utah July 8, 2022) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007)) *report and recommendation adopted sub nom. Breeze v. Kijakazi*, No. 4:21-cv-00107-DN-PK, 2023 WL 6307419 (D. Utah Sept. 28, 2023); 20 C.F.R. § 404.1525.

Relevant here is the listing for epilepsy, found at Listing 11.02. That particular listing is met when the record of a claimant with epilepsy: (1) contains a detailed description of a seizure; and (2) documents either: (a) generalized tonic-clonic seizures occurring at least once a month of at least three consecutive months despite adherence to prescribed treatment; or (b) dyscognitive seizures occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. Here, the ALJ's decision states his finding that "[Plaintiff's] seizure disorder does not meet Listing 11.02 because the record does not demonstrate seizures at the frequency or severity required by the listing" (Tr. 1408). However, such conclusory statements are insufficient to permit "meaningful judicial review" of the ALJ's reasoning. *See Clifton*, 79 F.3d at 1009–10.

Step three analysis requires a comparison of the evidence to the most analogous listing in the regulations, which the ALJ's decision must document to sufficiently explain the basis for his conclusion as to whether the listing criteria is or is not met to allow the court to meaningfully review the ALJ's conclusion. *See Jensen*, 436 F.3d at 1165; *Guice*, 785 F. App'x at 575. Where, as in this case, that analysis contains only the bare conclusion that a listing is not met, the ALJ's

4

finding will be deemed "beyond meaningful judicial review," and the ALJ decision will be reversed. *See Clifton*, 79 F.3d at 1009.

The ALJ's error cannot be considered harmless in this case, as medical records from July through October of 2012 show that Plaintiff was experiencing multiple seizures per month, on average every ten days (Tr. 813, 816, 819, 822). Additionally, despite compliance with medication, Plaintiff's seizures continued in 2013, and medical records from 2014 show an even greater and increasing number of seizures—at least five or six in the month of August 2014 alone (*id.* at 860, 898). The ALJ failed to explain how this evidence was considered or otherwise explain why Plaintiff's seizures did not satisfy the "frequency and severity" requirements of Listing 11.02.

At the hearing on May 14, 2024, the Commissioner cited to SSR 23-1P, 2023 WL 8236247 (Nov. 7, 2023) to support the argument that despite the three-month requirement in Listing 11.02, Plaintiff must still meet the general durational requirement of twelve months under 20 C.F.R. § 416.1520, rendering any step three error harmless. Plaintiff responded that SSR 23-1P is inapplicable because it was not in effect at the time that Plaintiff applied for disability benefits. The Commissioner then conceded that SSR 23-1P is not applicable to this case but argued that the authority in effect for Plaintiff's case nonetheless supports this argument. The court took the matter under advisement and ordered supplemental briefing on the applicable authority relating to the durational requirement.

In its supplemental brief, the Commissioner again cites to the general durational requirement in 20 C.F.R. § 416.1520(a)(4)(ii) and 42 U.S.C. § 423(d)(1)(A) applicable to all disability claims (ECF 28). The Commissioner then cites to cases from other circuits to support the argument that the three-month duration requirement in Listing 11.02 does not "otherwise exempt the listing from the twelve-month requirement." *See Rivera v. Barnhart*, No. Civ. A. 04-

30131-KPN, 2005 WL 670538, at *6 n.3 (D. Mass. March 14, 2005). Plaintiff's supplemental brief correctly notes that the cases cited by the Commissioner are not controlling and mostly involve other listings (ECF 29). Having considered the supplemental briefing, the Commissioner has failed to provide any controlling authority in effect at the time Plaintiff applied for disability benefits that definitively addresses the interplay between the three-month requirement in Listing 11.02 and the general durational requirement. It appears this issue was not directly addressed by the agency until SSR 23-1P went into effect in November 2023. The court therefore finds the Commissioner's supplemental briefing to be unpersuasive.

The Commissioner argues that the ALJ's step three finding should nevertheless be affirmed as supported by substantial evidence (ECF 28). However, where the Commissioner has not applied the proper legal standard or has otherwise failed to articulate the rationale for her decision sufficiently for meaningful review, the matter will be reversed. *See Jensen*, 436 F.3d at 1165; *Guice*, 785 F. App'x at 575. Moreover, the court may not create or adopt post-hoc rationalizations to support the ALJ's findings which are not documented in the decision itself. *See Bryant v. Comm'r, SSA*, 753 F. App'x 637, 643 (10th Cir. 2018) (citing *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008) (noting that "post hoc" efforts to salvage an ALJ's decision are inappropriate). Thus, based on the ALJ's failure to adequately articulate the rationale for the step three finding, the ALJ's decision is reversed and remanded for further proceedings consistent with this ruling.

## IV. CONCLUSION AND ORDER

As set forth above, the court concludes the ALJ committed reversible legal error. Therefore, it is HEREBY ORDERED that the Commissioner's decision in this case is reversed and remanded for further proceedings.[1]

DATED this 27 September 2024.

                                                                                                   _____
                                                                                                   Magistrate Judge Cecilia M. Romero
                                                                                                   United States District Court for the District of Utah

---

[1] The court declines Plaintiff's request for a remand ordering the award of benefits. Payment is appropriate only when additional fact-finding would serve no purpose and the record "fully supports" that Plaintiff is disabled "as a matter of law." *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989). The court is not able to make such a finding.